PROB 12B
(NYEP-11/25/02)

TANYA M. PARRIS, Sr. USPO 

# United States District Court
## for the
## Eastern District of New York

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: **Preston Woodley**  Case Number **05-CR-0006**

Name of Sentencing Judicial Officer: **The Honorable Nathaniel M. Gordon, U.S. District Court Judge, District of Massachusetts. On January 6, 2005, jurisdiction was transferred to the Eastern District of New York, and the case was assigned to the Honorable Frederic Block, U.S. District Court Judge**

Date of Original Sentence: **March 18, 1999**

Original Offense: **Conspiracy to Possess Cocaine Base with Intent to Distribute; 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1)**

Original Sentence: **Forty months custody, four years supervised release, a $200 special assessment fee, and the following special conditions: the defendant is prohibited from possessing a firearm or other dangerous weapon; the defendant is to participate in a program for substance abuse as directed by the United States Probation Office, which program may include testing to determine whether the defendant has reverted to the use of alcohol or drugs.**

Violation of Supervised Release: **On September 23, 2003, the offender was found in violation of the conditions of his supervised release for new criminal conduct, use of illicit drugs, and failure to pay the special assessment fee. He was sentenced to nine months custody and three years supervised release with the following special conditions: the defendant is to pay $200 special assessment fee as originally imposed; the defendant is to participate in a program for substance abuse as directed by the United States Probation Office, which program may include testing to determine whether the defendant has reverted to the use of alcohol or drugs; and the defendant is to participate in a Certified Batterer's Intervention Program, as directed by the Probation Office.**

Modification of Supervised Release: **On September 16, 2004, the conditions of supervised release were modified with consent of the offender to include mental health treatment.**

Type of Supervision: **Supervised Release**      Date Supervision Commenced: **May 14, 2004**

==============================================================================

## PETITIONING THE COURT

☐   To extend the term of supervision for years, for a total term of years.

☒   To modify the conditions of supervision as follows:

For a period of 120 days, the defendant shall reside in a community confinement center (CCC) approved by the Probation Department. While in the CCC, the defendant shall adhere to all rules and conditions established by the CCC, including the payment of sustenance costs.

# CAUSE

The purpose of this correspondence is to address the offender's non-compliance - failure to report for random urine testing, submission of positive toxicology results, local arrest for a misdemeanor and a violation, and failure to pay the special assessment fee.

On June 7, 2004, the offender was enrolled in our random urine testing program, requiring him to call in every weekday and report for testing, if his color was selected. The offender however failed to report for testing on July 26, 2004, August 11, 2004, August 19, 2004, September 14, 2004, September 20, 2004, October, 27, 2004, November 3, 2004, December 2, 2004, December 7, 2004, January 26, 2005, February 10, 2005, February 14, 2005, and March 8, 2005., May 16, May 26, 2005, June 20, 2005 and July 6, 2005. When questioned about his un-excused absences, the offender responded that he knew his specimen would be positive for marijuana and that is why he did not report for testing.

On September 23, 2004, October 5, 2004, November 2, 2004, November 10, 2004, December 15, 2004, January 19, 2005, March 16, 2005, May 18, 2005, and June 1, 2005, the offender submitted urine specimens to the Probation Department which tested and confirmed positive for marijuana.

On November 1, 2004, the offender was charged with Aggravated Harassment in the 2nd degree, a Class A misdemeanor, and Harassment in the 2nd degree, a Violation. According to the Criminal Complaint, on October 11, 2004, the offender telephoned the informant (complainant), Latif Rahim and threatened to kill him. Further, Mr. Rahim reported that he recognized the voice to be that of the offender.

On November 2, 2004, during an office contact, the offender was questioned about the arrest. He explained that he received a phone call from the police telling him to pick up his brother's personal belongings. Note, the offender's brother was in custody on robbery and weapons charges, and the victim/complainant in the offender's brother's case is Mr. Latif Rahim. The offender stated that he told the police officers that they could deliver his brother's clothing to his parents apartment. The offender stated that while he was at home, the police officers arrived at his residence and arrested him for the above stated charges. The offender stated that Mr. Rahim falsely accused his brother of putting a gun to his (Mr. Rahim's) head and robbed him of his jewelry and cash. The offender admitted that he did call Mr. Rahim but only because he was concerned about his nephew who resides with his (the nephew's) mother and Mr. Rahim. The offender denied making any threats. The Probation Department directed the offender not to have any contact with Mr. and Mrs. Rahim.

The undersigned probation officer interviewed Mr. Rahim and he stated that the offender telephoned his house and stated "you the nigger that had my brother locked up, I'm going to blow your fucking brains out." Mr. Rahim also stated that the offender called his wife's cell phone three or more times but they recognized the number and did not respond to the call. Mr. Rahim stated that he had seen the offender once or twice, and has spoken to him over the phone in the past, but does not know him personally. Mr. Rahim indicated that he would testify in any court proceedings if necessary. It should be noted that since his arrest, the offender has had no contact with Mr. Rahim.

On March 30, 2005, the case was adjourned in contemplation of dismissal, to be dismissed and sealed on September 29, 2005.

The special assessment fee which was imposed at the time of the original sentencing remains outstanding. On May 26, 2004, the offender was directed to pay the special assessment fee of $200 immediately. However, according to the financial litigation unit, to date, the offender has failed to do so.

Request for Modifying the                                                                 Prob 12B / Page 3
Conditions or Terms of Supervision
with Consent of the Offender

The offender is currently enrolled at Clearway, a program for substance abuse and mental health treatment. The offender has had poor attendance, however, since a three-way conference was conducted with the offender, his counselor and the undersigned probation officer, on June 1, 2005, the offender's attendance has improved. Additionally, the offender expressed his willingness to enter a short term residential drug treatment program to address his marijuana use. The offender will be referred to Riverside Support Center for 30 days so that he can address his chronic marijuana use. Upon completion of in-patient treatment, the offender will return to Clearway to continue with outpatient substance abuse treatment.

As to the other non-compliant behaviors as previously stated, we respectfully recommend that the offender be placed in a community confinement center for 120 days. We believe this will serve two purposes; as a sanction for violating the conditions of his release. Also, the community confinement center has zero tolerance policy regarding drug and alcohol use which will in effect provide ongoing monitoring of the offender's abstinence from all mood altering substances.

The offender currently resides at 591 Ocean Avenue, Brooklyn, New York, and is currently employed at Scores Inc., an adult night club located in Manhattan. The offender works in the maintenance department earning $1,200 per month.

The offender voluntarily signed the attached Probation Form 49, Waiver of Hearing to Modify the Conditions agreeing to the modification.

Respectfully submitted by,

Tanya M. Parris
Senior U.S. Probation Officer

Approved by,

Arthur M. Swasey
Supervising U.S. Probation Officer
Date: 7/22/05

THE COURT ORDERS:
- ☐ No Action
- ☐ The Extension of Supervision as Noted Above
- ☒ The Modification of Conditions as Noted Above
- ☐ Other

Signature of Judicial Officer
7/25/05
Date

PROB 49
(NYEP-8/5/04)

# United States District Court

## EASTERN DISTRICT OF NEW YORK

### Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

*For a period of __120__ days, the defendant shall reside in a Community Confinement Center (CCC) approved by the Probation Department. While in the CCC, the defendant shall adhere to all rules and conditions established by the CCC, including the payment of sustenance costs.*

Witness: _____  Signed: _____
U.S. Probation Officer                       Probationer or Supervised Releasee

Date: 7/20/05